UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STUART FORSYTH,

    Plaintiff,

v.                            Case No. 8:23-cv-2375-VMC-AAS

WOODFOREST NATIONAL BANK, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Woodforest National Bank, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. # 12), filed on October 26, 2023. Plaintiff Stuart Forsyth responded on November 16, 2023. (Doc. # 22). Woodforest replied on December 4, 2023. (Doc. # 29). For the reasons that follow, the Motion is denied.

**I.**   **Background**

Forsyth initiated this Florida Private Whistleblower's Act (FWA) retaliation case against Woodforest in state court in September 2023. (Doc. # 1-3). Woodforest thereafter removed the case to this Court. (Doc. # 1). The following allegations are taken from the complaint.

In September 2021, Forsyth was working for Woodforest as Executive Vice President/Commercial Banking Manager II. (Doc.

1

# 1-3 at 2). "On September 10, 2021, [Woodforest's] former employee Derek Rancourt sent [Forsyth] a threatening text message to his work phone: 'You have two weeks before you lose everything. Counting down 3-2-1. I'm taking everything that's worth taking. You worthless piece of crap. You know it's true.'" (Id. at 3).

"Once [Forsyth] discovered the ominous message on September 13, 2021, he immediately notified his manager Willy Gomez, Kim Casher in human resources, and Chief Legal Officer Charles 'Chuck' Vernon." (Id.). "Initially, both Willy Gomez and Chuck Vernon assured [Forsyth] that [Woodforest] would assist him in keeping his family safe." (Id.).

"But on September 14, 2021, Chuck Vernon notified [Forsyth] and Willy Gomez that his advice was to not take any action related to Rancourt's text at this time." (Id.). "On September 18, 2021, [Forsyth] e-mailed Chuck Vernon pleading with him to reconsider his decision." (Id.).

According to the complaint, Woodforest "failed to comply with its duty under 29 U.S.C.A. § 654(a)(1)" by not taking protective measures on Forsyth's behalf. (Id.). Section 654(a)(1), which is OSHA's General Duty Clause, states that "Each employer – [] shall furnish to each of his employees employment and a place of employment which are free from

2

recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. § 654(a)(1).

Forsyth "objected to [Woodforest's] failure to take protective measures against the disgruntled former employee," which was allegedly a "violation of law." (Doc. # 1-3 at 3-4). By "object[ing] to [Woodforest's] violation of law," Forsyth allegedly "engag[ed] in protected activity under the [FWA]." (Id. at 4). "[I]n response, [Woodforest] retaliated against [Forsyth] and terminated his employment." (Id. at 3).

Now, Woodforest moves to dismiss the complaint. (Doc. # 12). Forsyth has responded (Doc. # 22), and Woodforest has replied. (Doc. # 29). The Motion is ripe for review.

## II.  Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

Under the FWA, "[a]n employer may not take any retaliatory personnel action against any employee because the employee has . . . [o]bjected to or refused to participate in, any activity, policy, or practice of the employer which is a violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). "To state a claim under the FWA, a plaintiff must prove that (1) [he] engaged in statutorily protected activity; (2) [he] suffered an adverse employment action; and (3) the adverse employment action was causally linked to the

4

statutorily protected activity." David v. BayCare Health Sys., Inc., No. 8:19-cv-2136-TPB-JSS, 2019 WL 6842085, at *2 (M.D. Fla. Dec. 16, 2019).

Importantly, "Florida courts disagree on the scope of statutory protections under the FWA." Id. "Florida's Fourth District Court of Appeal states that an employee engages in statutorily protected activity so long as she had a good faith, objectively reasonable basis to believe that she objected to '(i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer.'" Id. (quoting Aery v. Wallace Lincoln-Mercury LLC, 118 So. 3d 904, 916 (Fla. 4th DCA 2013)). "Conversely, the Second District Court of Appeal limits the FWA's protections to employees who object to actual violations of a law, rule, or regulation." Id. (citing Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 468 (Fla. 2d DCA 2015)).

Here, Woodforest urges the Court to adopt the actual violation standard applied in Kearns instead of the good faith, objectively reasonable belief standard of Aery. It maintains that Forsyth "cannot prove that [Woodforest]

5

violated [OSHA's] General Duty Clause, a necessary element of his claim." (Doc. # 12 at 8).

The Court declines to decide whether to apply the Kearns or Aery standard at the motion to dismiss stage, given the unsettled nature of Florida law on this subject. And regardless of whether the Kearns or Aery standard applies, the analysis of Woodforest's conduct as an actual or arguable violation of OSHA's General Duty Clause is fact-intensive and better left to the summary judgment stage.

Woodforest highlights that

> in order to establish a violation of the General Duty Clause, the Secretary of Labor, who is charged with enforcing contested citations issued by OSHA, must prove that: (1) a condition or activity in the workplace presented a hazard; (2) the employer or its industry recognized the hazard; (3) the hazard was causing or likely to cause death or serious physical harm; and (4) a feasible and effective means existed to eliminate or materially reduce the hazard.

(Doc. # 12 at 12); see Uhs of Westwood Pembroke, Inc., 2022 O.S.H. Dec. (CCH) ¶ 33872 (04 National/Federal Mar. 3, 2022) ("To prove a violation of the general duty clause, the Secretary must establish that: (1) a condition or activity in the workplace presented a hazard; (2) the employer or its industry recognized the hazard; (3) the hazard was causing or likely to cause death or serious physical harm; and (4) a

6

feasible and effective means existed to eliminate or materially reduce the hazard."). But, despite Woodforest's argument to the contrary, deciding whether Woodforest or "its industry recognized the hazard," whether the hazard presented here was "likely to cause death or serious physical harm," and whether "a feasible and effective means existed to eliminate or materially reduce the hazard" involves evidence outside the four corners of the complaint and factual determinations that the Court will not make on a motion to dismiss. See, e.g., (Doc. # 12 at 16) (Defendant making the fact-based argument that "[t]he protective measures [Forsyth] claims that [Woodforest] needed to implement under the General Duty Clause would not have eliminated or materially reduced the hazard" and Forsyth's "proposed plan posed the risk of increasing the hazard rather than eliminating or materially reducing it").

Instead, at this stage, the Court will consider only whether Forsyth has plausibly pled the elements of a whistleblower retaliation claim in his complaint: that "(1) [the plaintiff] engaged in statutorily protected activity; (2) [he] suffered an adverse employment action; and (3) the adverse employment action was causally linked to the

7

statutorily protected activity." David, 2019 WL 6842085, at *2.

Here, Forsyth has alleged that he engaged in protected activity when he "objected to [Woodforest's] failure to take protective measures against the disgruntled former employee," which was allegedly a "violation of law" — specifically, a violation of OSHA's General Duty Clause. (Doc. # 1-3 at 3-4). For now, Forsyth has plausibly alleged that the threatening message sent by a former employer to his work phone presented the hazard of workplace violence, that Woodforest recognized the hazard, the hazard was likely to cause death or serious injury, and the hazard was preventable. (Id. at 3); see Chewy, Inc. v. U.S. Dep't of Lab., 69 F.4th 773, 776 (11th Cir. 2023) ("An employer fails to comply with this requirement if he has 'failed to render [the] work place free of a hazard; . . . the hazard was recognized; . . . the hazard caused or was likely to cause death or serious physical harm'; and 'the hazard [was] preventable.'" (citation omitted)). Forsyth further alleges that he was terminated because he objected to the violation of law. (Id. at 3-4). These allegations state a whistleblower retaliation claim.

Thus, the Court will not dismiss the complaint for failure to state a claim. Woodforest may raise its arguments again at summary judgment.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Woodforest National Bank, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. # 12) is **DENIED.** Answer to the complaint due 14 days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of December, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE